IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WARNE KEAHI YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 11-00580 ACK-RLP |
| | ) |
| COUNTY OF HAWAII, a municipal corporation; HAWAII ISLAND HUMANE SOCIETY S.P.C.A., a non-profit corporation; DONNA WHITAKER, individually and in her official capacity as Executive Director of the Hawaii Island Humane Society S.P.C.A.; STARR K. YAMADA, individually and in her official capacity as a Humane Officer; MICHAEL G.M. OSTENDORP; CARROLL COX; DARLEEN R.S. DELA CRUZ; ROBERTA KAWENA YOUNG; DOE DEFENDANTS 1-50, | ) |
| Defendants. | ) |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSE**

**BACKGROUND**[1/]

This case arises from the seizure of seventeen dogs ("Dogs") from a residence in Hilo and the subsequent events that resulted in the Hawaii Island Humane Society's disposal of the

---

[1/] The facts as recited in this Order are for the purpose of disposing of the current motion and are not to be construed as findings of fact that the parties may rely on in future proceedings.

Dogs by way of euthanasia or offering the Dogs for adoption. Plaintiff Warne Keahi Young ("Plaintiff") now seeks an order from this Court compelling compliance with a subpoena served upon the State of Hawaii Department of the Attorney General ("Hawaii AG"). ECF No. 149.  For the purposes of disposing of the current motion, the Court provides the following information regarding this case.

      On September 23, 2011, Plaintiff filed a Complaint against Defendants County of Hawaii, the Hawaii Island Humane Society S.P.C.A. ("HIHS" or "Humane Society"), Donna Whitaker (individually and in her official capacity as Executive Director of HIHS), Starr K. Yamada (individually and in her official capacity as a HIHS Officer), Michael Ostendorp, Carroll Cox, Darleen Dela Cruz, and Roberta Kawena Young.  (ECF No. 1). Plaintiff subsequently filed a First Amended Complaint and a Second Amended Complaint ("SAC") against all Defendants.  (ECF Nos. 8 & 44).

      According to the allegations in Plaintiff's Second Amended Complaint, on the morning of September 29, 2009, Defendant Yamada, an officer of the Hawaii Island Humane Society ("HIHS"), executed a search warrant at Plaintiff's Residence and seized the Dogs at issue in this litigation.  SAC at 8, ECF No.

44.  Shortly thereafter, Plaintiff and Roberta Young[2/] met with Defendant Ostendorp, an attorney who subsequently agreed to help Plaintiff and Roberta Young regarding the seizure of the Dogs. Id at 9-10.

At some point after this meeting, Defendant Ostendorp drafted a general Power of Attorney dated September 12, 2009, ("POA") purporting to appoint Roberta Young as Plaintiff's attorney-in-fact.  SAC at 16, ECF No. 44.  Using Plaintiff's general POA, Roberta Young completed an Animal Surrender Policy Form surrendering the Dogs to HIHS ("Surrender Form").  Id. Subsequently, HIHS disposed of the Dogs.  SAC at 17.

Defendants dispute many of the facts alleged in the Second Amended Complaint.

All of the Defendants in this action filed motions for summary judgment ("MSJ") and concise statements of fact as to Plaintiff's Second Amended Complaint (ECF Nos. 98, 99, 102, 103, 104, 105, 106, 108).  Plaintiff filed memorandums of opposition to all of the Defendants' MSJs.  (ECF Nos. 109, 110, 111, 112, & 113).  Plaintiff also filed a Concise Statement of Facts in response to all of the Defendants' concise statements of fact ("Plntf.'s JCSF").  (ECF No. 114).  On January 23, 2013,

---

[2/] Roberta Young is Plaintiff's biological mother, but Plaintiff refers to her as his sister.  HIHS Defs.' MSJ Ex. F at 39-40, ECF No. 98.  At the hearing on February 11, 2013, Plaintiff's counsel clarified that Plaintiff at some point in time had been adopted by his grandmother.

Plaintiff filed a "Supplemental Concise Statement of Material Facts in Opposition to Defendant[s] Ostendorp, Cox, and Dela Cruz['s] Joint Separate Concise Statement of Facts in Support of Motion for Summary Judgment" ("Plntf.'s Supp. JCSF"). (ECF No. 121).

The Court subsequently held two hearings regarding Defendants' MSJs. Defendants Ostendorp, Cox, and Dela Cruz's MSJs were heard on February 11, 2013 (ECF No. 133), and Defendants County of Hawaii, HIHS, Whitaker, Yamada, and Roberta Young's MSJs were heard on March 7, 2013 (ECF No. 147).

The subject matter of the current Order is Exhibit 4 of Plaintiff's Supplemental Concise Statement of Facts, which is a heavily redacted copy of the State of Hawaii Department of the Attorney General's Report No. 10-3338, involving an investigation regarding the allegedly forged general power of attorney dated September 12, 2009 ("AG Report"). (Plntf.'s Supp. JCSF Ex. 4, ECF No. 121). The Court directed Plaintiff's counsel at both the February 11, 2013 and the March 7, 2013 hearings to have a subpoena issued ordering the State of Hawaii Department of the Attorney General to submit an unredacted copy of the AG Report to this Court.

On April 1, 2013, Plaintiff filed a "Motion for an Order Compelling Discovery Response" ("Motion to Compel"). (ECF No. 149). The Motion to Compel includes a copy of the subpoena

served upon the Hawaii AG.  Motion to Compel Ex. A.  The Motion to Compel also includes a letter from the Hawaii AG explaining that the Hawaii AG objects to the subpoena on the basis that the requested documents are protected by Haw. Rev. Stat. § 92F, which involves the protection of confidential personal information. Motion to Compel Ex. C.[3/]  Accordingly, the Hawaii AG informed Plaintiff that "an order by the Court presiding over the instant case" is needed in order for the Hawaii AG to comply with state law in the course of submitting an unredacted copy of the AG Report.  Id.

### STANDARD

Under Federal Rule of Civil Procedure 45(c)(2)(B)(i), a party may move for a court order to compel the production of documents from a nonparty once a subpoena has been issued and the nonparty objects to complying with the subpoena.  The Court order may direct the nonparty as to the acts that must be performed, and the order "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance."  FRCP 45(c)(2)(B)(ii).

---

[3/] The State of Hawaii Department of the Attorney General indicated that it would not file an opposition to the Motion to Compel because the letter dated March 18, 2013 in response to Plaintiff's subpoena sufficiently stated the Hawaii AG's position.

**DISCUSSION**

The Motion to Compel asks for "Unredacted copies of Attorney General Report No. 10-3338 and/or any other Attorney General Investigation Reports, Photos, Recordings and/or Documentation of any Complaints made by Warne Keahi Young and/or Roberta Kawena Young against Michael G.M. Ostendorp, Darleen R.S. Dela Cruz and/or Carrol[l] Cox." Motion to Compel at 2, ECF No. 149-1. As an initial matter, the Court notes that only the AG Report should have been requested because the Court only gave permission for Plaintiff's counsel to obtain an unredacted version of the AG Report - Plaintiff cannot use the Court's request to ask for additional evidence that should have been obtained prior to the subject hearings and during the time allotted for discovery. See ECF No. 37, 94 (Rule 16 Scheduling Order setting discovery deadline at February 1, 2013). Plaintiff previously requested an extension of the discovery deadline, which Judge Puglisi subsequently denied. Order Granting Defendant Roberta Young's Motion to Continue Trial at 8-11, ECF No. 137. Plaintiff may not use this Court's specific request for an unredacted version of an exhibit in order to obtain additional discovery. Accordingly, Plaintiff's Motion to Compel is DENIED to the extent that the Motion requests "any other Attorney General Investigation Reports, Photos, Recordings and/or Documentation of any Complaints made by Warne Keahi Young and/or

Roberta Kawena Young against Michael G.M. Ostendorp, Darleen R.S. Dela Cruz and/or Carrol[l] Cox."

Regarding the AG Report itself, the Court concludes that the AG Report may contain information relevant to the consideration of the issues in this case. The Hawaii AG denied disclosure based on Haw. Rev. Stat. § 92F, which provides, inter alia, that the government is not required to disclose records which would "constitute a clearly unwarranted invasion of personal privacy." H.R.S. § 92F-13(1). The Hawaii AG states that the AG Report involves private information protected under H.R.S. § 92F-14(b)(2) because the AG Report refers to a "criminal investigation of an individual who was not prosecuted for any crime." See Motion to Compel Ex. C. Additionally, the Hawaii AG notes that the documents also contain confidential personal information. Id.

Despite these privacy concerns, the Court notes that Haw. Rev. Stat. § 92F also allows the Hawaii AG to disclose government records "requested pursuant to an order of a court." H.R.S. § 92F-12(b)(4). Additionally, Hawaii law states that "[n]othing in this part shall be construed to permit or require an agency to withhold or deny access to a personal record, or any information in a personal record . . . [w]hen the agency is ordered to produce, disclose, or allow access to the record or information in the record . . . in any judicial or administrative

proceeding." H.R.S. § 92F-28.  Accordingly, even if the AG Report contains information implicating the privacy rights of individuals, H.R.S. § 92F does not prevent the Hawaii AG from sending an unredacted copy to this Court.

While the Court understands the Hawaii AG's concern for the privacy rights of the individuals mentioned in the AG Report; nevertheless, the Court directs the Hawaii AG to submit an unredacted version of the State of Hawaii Department of the Attorney General Report No. 10-3338 to this Court.  However, the Court in consideration of the purposes of H.R.S. § 92F notes that the Hawaii AG should send the AG Report under seal to this Court, and not to the other parties involved in this action.  Furthermore, the Hawaii AG may redact the report to exclude sensitive personal information such as telephone or social security numbers.  The Court notes, though, that any redactions should not affect the Court's ability to discern the identity of the individuals involved in each event mentioned in the AG Report.  The Court also clarifies that, because Plaintiff's requests involving other documents besides the AG Report has been denied, the Hawaii AG does not need to produce any conferral sheets or intradepartmental memorandums as mentioned in the Hawaii AG's March 18, 2013 letter.  <u>See</u> Motion to Compel Ex. C.

**CONCLUSION**

For the foregoing reasons, the Court (1) GRANTS Plaintiff's Motion to Compel as to an unredacted copy of the State of Hawaii Department of the Attorney General Report No. 10-3338, (2) ORDERS the State of Hawaii Department of the Attorney General to submit an unredacted copy of Report No. 10-3338 dated May 8, 2012 according to the instructions in this Order, and (3) DENIES Plaintiff's Motion to Compel for all other discovery requests beyond the unredacted AG Report.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, April 3, 2013.



_____
Alan C. Kay
Sr. United States District Judge

<u>Young v. Cnty. of Haw. et al.</u>, Civ. No. 11-00580 ACK-RLP: ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSE.